IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 7:20-CV-242 |
| | § | |
| 38.307 ACRES OF LAND, MORE OR LESS, SITUATED IN HIDALGO COUNTY, STATE OF TEXAS; AND KILLAM RANCH PROPERTIES, CASCADE REAL ESTATE OPERATING, L.P., | § § § § § § | |
| | § | |
| Defendant. | § | |

## JOINT MOTION FOR ABATEMENT OR, IN THE ALTERNATIVE, TO AMEND SCHEDULING ORDER

Plaintiff the United States of America ("U.S.") and Defendant Cascade Real Estate Operating, LP ("Defendant") file this Joint Motion for Abatement or, in the Alternative, to Amend Scheduling Order and in support respectfully show the Court the following:

1. This is a statutory condemnation proceeding filed by the U.S. on August 27, 2020.

2. The Court has jurisdiction over all relevant matters in this case as provided by 28 U.S.C. § 1358.

3. In light of the presidential proclamation terminating the national emergency at the southern border, suspending border wall construction, and calling for a review of private border wall construction contracts, the U.S. and Defendant respectfully request that the Court abate this case for at least 60 days or until the federal government issues a final decision to resume, modify, or terminate border wall construction. In the alternative, the U.S. and Defendant respectfully request that the Court amend its November 6, 2020 Scheduling Order (ECF No. 14) ("Scheduling

Order") to continue the current deadlines by 75 days. This proceeding involves complex issues requiring expert opinions from multiple disciplines to address compensation due from the U.S. for the taking of Defendant's property. The parties will be unable to meet the deadlines in the current Scheduling Order due to the complexity of the larger parcel analysis and the difficultly during the global COVID-19 pandemic conducting in-person investigations, such as physical site inspections. Moreover, the subject properties involved in this taking were under active construction at the time of suspension, but construction is currently incomplete and the full extent to which construction will be completed will impact the ultimate valuation.

## BACKGROUND

4. In December 2019, through multiple corporate entities, Killam Management, L.C. purchased approximately 3,400 acres in Hidalgo County, Texas, for the purpose of constructing a master-planned, mixed-use development that includes industrial, residential, retail, commercial, and recreational uses. Defendant is the corporate entity with fee title to the 38.307 acres condemned by the U.S.

5. The U.S.' Complaint in Condemnation (ECF No. 1) states that the purpose of this condemnation is for the construction, installation, operation, and maintenance of roads, fencing, vehicle barriers, security lighting, cameras, sensors and related structures to help secure the United States/Mexico border within the State of Texas.

6. On January 20, 2021, President Joseph R. Biden, Jr. issued a proclamation terminating the declaration of national emergency at the southern border, pausing work on each construction project on the southern border wall, requiring a plan that considers "terminating or repurposing contracts with private contractors engaged in wall construction, while providing for the expenditure of any funds that the Congress expressly appropriated for wall construction, consistent with their appropriated purpose" to be developed within 60 days from the date of the

proclamation, and directing the Secretary of Defense and Secretary of Homeland Security to "resume, modify, or terminate projects and to otherwise implement the plan."[1]

7. At the time of the presidential proclamation pausing work on each construction project on the southern border wall, active construction was ongoing on the subject properties but was incomplete. Construction remains incomplete at this time and the extent to which construction is ultimately completed will impact the parties' valuations of the subject properties.

8. The parties respectfully request that the Court abate this case for at least 60 days or until the federal government issues a final decision to resume, modify, or terminate border wall construction. This abatement will further the efficient use of the Court's time and prevent the parties from wasting time and money while the status of border wall construction is uncertain. If the federal government decides to resume border wall construction, the parties will submit an amended Joint Discovery/Case Management Plan for the Court's consideration.

9. In the alternative, the parties respectfully request that the Court amend its November 6, 2020 Scheduling Order to continue the current deadlines by at least 75 days.

10. At the beginning of this condemnation proceeding, the parties prepared a Joint Discovery/Case Management Plan (ECF No. 13) and this Court entered a Scheduling Order intended to direct the preparation of this matter for trial.

11. The parties have been working diligently since the November 6, 2020 Scheduling Order, but have been unable to sufficiently investigate the property and conduct sufficient discovery to prepare this matter for trial due to circumstances beyond the parties' control; namely, the complexity of the issues associated with master-planned, mixed-use development of more than

---

[1] Proclamation No. 10142, 86 C.F.R. 7225 (2021) (Attached as **Exh. A**).

2,000 acres and the difficulty during the global COVID-19 pandemic conducting in-person investigations, such as site inspections.

12.     Defendant is currently developing a master-planned development in excess of 2,000 acres.  Located within the City of Mission, the development, El Milagro, is a mix of industrial, commercial, and residential uses.  The illustrative master plan below depicts the approximate locations of these uses as well as an interconnected trail system, natural areas, open space parks, and civic spaces.



13. The parties anticipate that determining the highest and best use of the larger parcel in the before and after scenarios as well as the impact, if any, of the U.S.' taking on the El Milagro development will involve significantly more time and resources than are typically expended in an ordinary condemnation case. The parties acknowledge that the number of experts needed to evaluate compensation due will likely expand beyond the identification of real estate appraisers to include real estate brokers, land planners, architects, and engineers. The complexity surrounding the proposed uses of the larger parcel will ultimately require the parties to retain experts in these various disciplines. While the parties are diligently assembling their trial teams and continuing to work through discovery, they recognize that additional time will be necessary in order to conduct the required investigations, draft the requisite reports, and depose the additional expert witnesses.

14. Finally, as the global COVID-19 pandemic continues to disrupt normal business operations in Texas and throughout the United States, attorneys for both parties are currently working from home, and neither party can safely resume travel. To date, the pandemic has prevented the parties' valuation experts from conducting the requisite physical site inspections.[2] While parties are hopeful that the widespread distribution and administration of COVID-19 vaccinations will result in the resumption of safe travel, normal business operations, and in-person discovery in the near future, it is impossible to predict when this may occur.

## PRAYER

15. For the above reasons, the parties respectfully request that the Court abate this case for at least 60 days or until the federal government issues a final decision to resume, modify, or terminate border wall construction. In the alternative, the U.S. and Defendant respectfully request

---

[2] The Appraisal Foundation, *Uniform Standards for Federal Land Acquisitions*, Sec. 1.2.6.3 (6th ed. 2016).

that the Court amend its November 6, 2020 Scheduling Order to continue the current deadlines by 75 days to allow the parties sufficient time to complete discovery and prepare this matter for trial.

16.     The parties are filing this Joint Motion for Abatement or, in the Alternative, to Amend Scheduling Order not for the purpose of delay but so that justice may be done.  Neither party will be prejudiced by the abatement or continuance of this case.

For the above reasons, Plaintiff the United States of America and Defendant Cascade Real Estate Operating, LP respectfully request that the Court grant this Joint Motion for Abatement or, in the Alternative, to Amend Scheduling Order and request all other relief to which the parties are entitled.

Respectfully submitted,

| | |
|---|---|
| **RYAN K. PATRICK**<br>United States Attorney<br>Southern District of Texas | **VASSALLO & SALAZAR, P.C.** |
| *s/ Roland D. Ramos*<br>**ROLAND D. RAMOS**<br>Assistant United States Attorney<br>Southern District of Texas No. 3458120<br>Texas Bar No. 24096362<br>1701 W. Bus. Highway 83, Suite 600<br>McAllen, Texas  78501<br>Telephone:  (956) 618-8010<br>Facsimile:  (956) 618-8016<br>E-mail:  Roland.Ramos@usdoj.gov<br>Attorney in Charge for the United States of America | *s/ Eddie Vassallo*<br>**EDDIE VASSALLO**<br>Attorney-in-charge<br>Southern District of Texas No. 25020<br>State Bar No. 20503000<br>evassallo@vslawyers.com<br>CHARLES A. SALAZAR<br>Southern District of Texas No. 3510108<br>State Bar No. 17526750<br>csalazar@vslawyers.com<br>TIMOTHY J. REIDY<br>Southern District of Texas No. 3510111<br>State Bar No. 24058069<br>treidy@vslawyers.com<br>3710 Rawlins, Suite 1200<br>Dallas, Texas  75219-6410<br>Telephone:  (214) 559-7200<br>Facsimile:  (214) 559-7209<br>Attorneys for Defendant<br>Cascade Real Estate Operating, LP |